Gray v. Gray.

---

SYLVESTER GRAY and others, Administrators, &c., Appellants, v. JOHN M. GRAY, Respondent.

(GENERAL TERM, SEVENTH DISTRICT, DECEMBER, 1869.)

Where a promissory note is found in the maker's hands, canceled, his indebtedness thereon is presumptively discharged, and proof that no payment has been made, nor offset surrendered in respect thereof, does not destroy the presumption.

APPEAL from a judgment entered on the report of a referee, in favor of the defendant. The facts are stated in the opinion of the court.

*A. J. Abbott*, for the appellant.

*McNeil Seymour*, for the respondent.

Present—JOHNSON, J. C. SMITH and DWIGHT, JJ.

By the Court—DWIGHT, J. The plaintiffs as adminis-trators of John Gray, deceased, sued on a note alleged to be lost, made by the defendant, who was a son of the intestate, to the intestate in his lifetime. On the trial, the defendant produced the note with his name torn off, and testified that he had it in his possession before the death of his father. It appeared in evidence that the defendant lived in the same house with his father at the time of the death of the latter, and that upon one occasion, after his father's death, he had the key to the desk in which the note was kept; but he and his brother, who was with him at the time, testified that he did not take the note from the desk. It also appeared by his own evidence, that he had never paid the note; and that at the time when it came into his possession, the intestate was not indebted to him in any sum.

The referee found as a fact, that the note had not been paid nor satisfied by offset, but as conclusion of law, that the possession of it by the maker was presumptive evidence that it had been discharged. And the defendant had judgment, from which the plaintiffs appeal, on the ground that the referee erred in the conclusion of law above stated. They urge that possession of the note by the maker was presump-tive evidence of payment only, and that, the presumption of payment being repelled, the burden of proof was upon the defendant, to show that the obligation had been otherwise discharged or acquitted.

But such, I do not find to be the law. Pothier in his

work on obligations (Poth. on Obl., No. 573), refers to precisely the distinction here sought to be established, and concludes that it was not sound; but, on the contrary, that "it ought to be decided generally from the possession of the debtor, that the creditor shall be presumed to have given up the security, either as acquitted or released, until the creditor shows the contrary; as, for instance, that it has been taken surreptitiously." He says further: "There is sufficient ground to presume a donation and release of the debt when the creditor gives up the security, and the circumstance of the security being in the possession of the debtor is a sufficient reason for presuming that the creditor has given it up; as that is the most natural way of the possession passing from the one to the other." See also Cowen & Hill's Notes to Phil. on Evidence, note 192, and the cases there cited, where it is said: "If a promissory note or bond should chance to be found in the hands of the debtor, or if it be crossed, rased or torn in pieces, either of these circumstances will create a presumption that it has been acquitted; which presumption will remain until clear proof be brought that the debt is still owing; as that the appearances came by violence or accident." (See also Parsons on Notes and Bills, 235 and 236.)

In this case, both circumstances concur. The note is found in the hands of the maker, and it is canceled by the removal of the maker's name. These circumstances could not lawfully exist without the act or consent of the holder of the note; and that they occurred unlawfully will certainly not be presumed.

If any presumption against the *bona fides* of the defendant's possession of the note could arise from the fact that he had access to the desk in which the note was kept, it was fully repelled by his affirmative evidence that he did not take the note therefrom.

The burden of proof was clearly upon the plaintiffs to show that the defendant did not come honestly by the possession of the note, and that it was not canceled by, or with the consent of the holder; and in the absence of such proof the

defendant is entitled to the benefit of the presumption raised by the facts of such possession and cancellation, viz.: That the debt had been released or acquitted.

The judgment must be affirmed with costs. All concurring

Judgment affirmed.